## ROWLAND *v.* THE STATE.

1. The failure of the court to properly qualify the jury with reference to the relation of parties apparently interested in the case is not cause for new trial, unless it appears that such failure resulted in hurt or prejudice to the accused.
2. Neither the statement of the accused nor the evidence in the case authorized a charge on the law of involuntary manslaughter.
3. Neither the statement of the accused nor the evidence authorized a charge on the theory of homicide by accident or misfortune.
4. None of the other assignments of error show cause for reversal.

No. 2259.  DECEMBER 15, 1920.

Indictment for murder. Before Judge Gower. Wilcox superior court. August 20, 1920.

*Hal Lawson* and *C. W. Griffin,* for plaintiff in error.

*R. A. Denny, attorney-general, J. B. Wall, solicitor-general, Jesse Grantham,* and *Max E. Land,* contra.

GEORGE, J. Joe Rowland was indicted and tried for the murder of his mother-in-law, Mrs. Della Ray The jury returned a ver-

dict of guilty, with recommendation to mercy. His motion for new trial was overruled, and he excepted.

1. When the case was called for trial, the defendant, through his counsel, informed the court that a certain person, not formally connected with the case, had circulated a petition asking for subscriptions to a fund with which to employ counsel to assist the State in the prosecution of the defendant. The defendant introduced a witness who testified that a designated person asked him to subscribe to the fund. Counsel for the defendant then requested the court to follow up the inquiry, to the end that an impartial jury might be obtained. The court stated to counsel that he might examine the person who had solicited subscriptions to the fund; but counsel for the defense declined to do so. The counsel employed to assist in the prosecution stated in his place that he had been employed by the son of the deceased, and that so far as he knew Mr. Johnathan Walker only had contributed to the fee. Thereupon the court excluded from the jury all persons related by blood or marriage to the defendant, the deceased, the prosecutor (the son of the deceased), and Johnathan Walker. The complaint is that the court should have followed up the inquiry, and should have compelled the prosecutor to divulge the names of those who . contributed to the payment of the fee of the counsel employed by him. It is not contended that any of the jurors on the panel contributed to the payment of the fee of counsel, nor is it contended that any of the jurors were related by blood or marriage to any person thus assisting in the prosecution. So far as appears, no one except Johnathan Walker contributed to the payment of the fee, and no juror on the panel was in fact related by blood or marriage to any person connected with the case. In these circumstances, the failure of the court to require counsel for the State to furnish to the court and the accused full information in the premises does not authorize a reversal of the judgment. Unless one or more jurors trying the case were in fact related to some one interested in the prosecution, or unless the accused was compelled to exhaust his peremptory challenges on jurors who were in fact related by blood or marriage to some one interested in the case, the mere failure of the court to prosecute the inquiry did not harm the accused.

2. Pearl Ray, the daughter of the deceased, was the principal witness for the State. She testified, that the defendant came to

the home of the deceased, on the date of the homicide, placed his gun on the outside of the house, and entered the house; that he demanded his baby of the witness, and she refused to give the baby to him; and that he went outside of the house, thrust the gun through the window, and fired and killed her mother. The accused contended that he did not have his hands on the gun at the time it was fired, but that Pearl Ray, the witness, in attempting to draw the gun through the window, accidentally discharged it with the fatal result. He was corroborated by the witnesses in his behalf, and by certain facts and circumstances in the case. The declarations of Pearl Ray, made immediately after the homicide, were admitted by the court as a part of the res gestæ. According to the witnesses for the accused, Pearl Ray stated that the gun was accidentally discharged while she was attempting to draw it through the window. In addition, the defendant offered in evidence statements made by Pearl Ray in her evidence before the coroner's jury, to the effect that she and the accused were struggling over the gun at the time of the homicide. One of the errors assigned is that the court failed to charge the law of involuntary manslaughter. Involuntary manslaughter was not involved. According to the defendant's contention he was guilty of no offense whatever. Under his statement and the evidence in his behalf, Pearl Ray may have been guilty of involuntary manslaughter. The failure of the court to give instructions appropriate to a defense by Pearl Ray if she were upon trial for the homicide of her mother can furnish the defendant no cause for complaint, when, according to his statement and the evidence in his behalf, he had no connection whatever with the homicide. Evidence relating to the statement made by Pearl Ray before the coroner's jury was of course admissible for the purpose of impeachment only, and neither authorized nor justified a charge upon the law of involuntary manslaughter on the trial of the case against the accused.

3. In his charge the court instructed the jury as follows: "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears that there was no evil design, or intention, or culpable neglect." No error is assigned upon the excerpt from the charge quoted. Upon the theory of accident the court instructed the jury further as follows. "An accident is one of those transactions

in the course of human affairs where no one is at fault and there is no culpable negligence on the part of any one connected with the transaction." Error is assigned upon that portion of the charge last above quoted. Whether the charge complained of is correct as an abstract statement of the law, we need not inquire. The theory of accident was not involved in the case. So far as Pearl Ray is concerned, the killing may have been accidental; and if indicted and tried for the homicide of her mother, a charge upon the law of homicide by misfortune or accident, as well as upon the subject of involuntary manslaughter, might be appropriate. With defenses available to her the accused has no concern. Under the evidence the clear-cut issue was whether the accused shot and killed the deceased, as contended by the State, or whether Pearl Ray shot and killed her mother. If Pearl Ray killed the deceased, it is immaterial whether the killing was intentional or accidental, so far as the defendant was concerned.

In so far as requests to charge were pertinent, they were fairly submitted in the general charge. The failure of the court to charge, and the rulings on the admissibility of evidence, as complained of in other grounds of the motion for new trial, show no cause for reversal. *Judgment affirmed. All the Justices concur.*